With our first case, Onkowski v. Oberg Industries, Ms. Woskowitz. Did I pronounce that right? Woskowitz. Close enough. Thank you. Okay, thank you. Please. Good morning, your honors. May it please the court, my name is Tiffany Woskowitz and I represent appellant Jeffrey Bonkowski. At this time, Honorable Fuentes, I would like to respectfully request three minutes of rebuttal time. Yes, that's fine. Thank you, your honor. In this case, there is sufficient record evidence so that a fact finder may reasonably find that Mr. Bonkowski had a serious medical condition, i.e., he underwent inpatient care when he stayed overnight at the Butler Memorial Hospital from November 14, 2011 to November 15, 2011. You're taking the serious medical condition statutory and the staying overnight is by rule, so you're merging them together. Your honor, actually what I'm looking at is the FMLA defines serious medical condition under 29 U.S.C. 2611 in one form as inpatient care at a hospital. The regs define it inpatient care as an overnight condition. So, respectfully, I'm looking at the statute is defining it as inpatient care and then the regs defining inpatient care as an overnight stay. Let's see, the problem in the case is what is an overnight stay. Correct, your honor. Is that fairly accurate? Yes, your honor. And that's where you and the adversary in this case, where Oberg, differ. Yes, your honor. Well, why should we reverse the district court when you yourself have failed to offer an interpretation of what overnight stay actually means? Your brief didn't define what it means. Your honor, with respect to what overnight stay means, the totality of the circumstance test would be best served to affect the remedial purpose of the FMLA. The question was did you present that to the district court? I indicated to the district court. Did you present any option to the district court? I presented the totality of the circumstance test. Well, that's no standard. That's no standard totality. You have to have a definition and you never presented any standard definition by which a jury can guide what an overnight stay is. What is your position as you stand before us today? How would we instruct the district court to charge a jury what an overnight stay is? I would say look at the totality of the circumstances and consider such factors as how the hospital designated the individual, the arrival time of the individual to the hospital, the time the individual left the hospital, the duration of time spent at the hospital. Would you say minimally it requires admission to the hospital? I would not, your honor. You would not? No. You mean you could sit out in the waiting room and spend a couple of hours there and then be seen by a doctor in a room, released, and that's an overnight stay? Your honor, I would say that it requires at least occupying a bed at the hospital. Whether that's considered admission or not is a medical complexity that depends on the situation in which the person goes to the hospital. I think that's one of many factors. In this particular case, Mr. Bonkowski was admitted into the hospital. He was designated as inpatient. The district court itself acknowledged that he had an inpatient care appendix, page 19. Is this really such a novel issue? Has any court in this country addressed what an overnight stay is for any purpose? My adversary brought up the case of the state, the Landers v. Levitt, in which overnight stay for purposes of Medicare statute for three days' admission was defined as formal admission. It was defined as what? Formal admission. Formal admission. However, in that case … Well, you could be formally admitted in the morning and released in the evening. Sure. I believe this case is distinguishable from that case because in a state v. Landers, there was an agency interpretation of what inpatient meant, which was given persuasive weight. In addition, in a state v. Landers, inpatient was not defined. Here, inpatient is defined. Inpatient is defined in the regs 829 CFR 825.114 as an overnight stay in the hospital. There's no temporal limitations placed on that. That's what we're trying to get at. What is an overnight stay? Overnight stay is different in Dome, Alaska, than it is in New Orleans. New Orleans. It can't be that overnight stay is a very amorphous term. Beyond that, my question to you is this. You say the jury should be charged the totality of the circumstances. That's your position, right? Yes, Your Honor. That can't be because you can have two patients with the exact same facts, and one jury could say it's an overnight stay, and the other jury could say it's not an overnight stay. And this is not the function of the law. The law is that people that are similarly situated should be treated the same, and differently situated, usually differently. So, once again, I ask you, how do you define what an overnight stay is? If the totality of the circumstance test is rejected, then I would define overnight stay as time of arrival at the hospital and time of departure. And so long as the arrival occurred prior to midnight, and the departure occurred after midnight, that would constitute an overnight stay. So you could have a 30-minute overnight stay before midnight entry or, except it is inpatient, released just after midnight? According to that definition, that is why I do prefer- But it doesn't seem to make sense. Why does Congress require this overnight stay? Why do we have this overnight stay provision? What's the purpose of it? Your Honor, I believe the overnight stay purpose is to protect against, to provide a situation where an employer sick leave policy would not account for an overnight stay. So it helps define, doesn't it, what a serious health condition is? Yes, it does, Your Honor. So it's pegged to that, isn't it? So it would seem that it's to avoid these brief going to the hospital and out. It's to ensure that there's some seriousness in the employee's injury, so that that person would qualify for the family medical leave act. Would you agree with that? I would agree with that. Well, your example doesn't work, then, does it? My example with arrival time and departure time, there would be a potential for somebody to arrive at the hospital at 1130 p.m. and then leave at 1 a.m. What doesn't seem fair, though, is that in Nome or Frank, what's that place in Alaska? Fairbanks. Fairbanks, that's the one. It would seem that the closer you are to the Arctic Circle, the more likely is you are going to be deemed to be inpatient because the night is only about two and a half, three hours. But in western Pennsylvania, it ends up being about eight or nine hours. Well, Your Honor, that was one of the contentions I had with the district court's definition of dusk to dawn. Your whether you have an inpatient stay would depend upon time of year, geography, so on and so forth, and interpretations that lead to odd. That highlights the inequity, but again, perhaps more to Judge Cameron's point, how do you justify getting this entire issue to a jury? Why? Why should we adopt that sort of rule? Well, the statute does say inpatient care. The district court indicated he had an inpatient care stay, appendix 10. Per statutory construction, under disabled action in PA, the Southeastern PA Trans Authority, 539F3-199-210, 3rd Circuit, 2008, we assume, for example, that every word in a statute has meaning, and avoid interpreting one part of a statute in a manner that would render another part superfluous. If the FMLA defines, because the FMLA defines serious medical condition as an inpatient stay, the district court itself defined Mr. Bonkowski's stay as inpatient. My argument would be a definition of serious overnight stay that rendered the inpatient prong of serious health condition superfluous would be at odds. But serious health condition is phrased in the statute itself. Isn't it for a judge to determine what a statute means? Rather than a jury? And the judge did indicate it was an inpatient stay. In appendix 10, district court stated that the comprehensive testing that was performed as a result of Mr. Bonkowski's inpatient care did not find any complications with his heart or diabetes. That's appendix 19. The district court did qualify Mr. Bonkowski's stay as inpatient. But he wasn't there overnight. I would respectfully disagree. Well, he wasn't there for a 24-hour period, was he? No. And he wasn't there under any definition that you have given us that is going to make any sense in Fairbanks, Alaska, and in Louisiana. So how is he an overnight, how does he have an overnight stay? You're not including in that when he was in the emergency room, are you? Yes, I am. Well, emergency room, you're not admitted for overnight. Emergency room doesn't count toward overnight stay. The overnight stay regulation does not say time of admission. It does not put a temporal expiration date on it. It says overnight stay. I know, but in a hospital, you're not stamped as admitted when you're in the emergency room. And you could be admitted later on if you go to the emergency room. But you're not admitted to the hospital any time that you're in the emergency room. I would agree, but overnight stay does not indicate its time of admission. So you're counting the time he's sitting in the emergency room. Yes, I am. The time of arrival. How long was he in the hospital? He was at the hospital taking a vaccine, a light, most unfavorable to Mr. Bonkowski. He was at the hospital for at least 15 hours. 15 hours? Yes. You know, some hospitals have a policy. Believe me, I'm an expert on hospitals. I'm trying to figure out where that emergency room is. You mentioned you could get in at 1.30 and leave at 11.30 and leave at 1.00. I'd like to find out where that is. But anyway, some hospitals have a policy of requiring before you're admitted that you be in the emergency room. And I happen to remember from experience, a physician who circumvented that said, no, you don't have to go to the emergency room. Although it was obvious it was going to be a stay. And yet it did involve, it didn't involve the emergency room, but it would have ordinarily. So sometimes the emergency room, you in effect are in the hospital. You know, it's a prelude. Sure. People look at the observation time in the emergency room as if you were formally admitted later, that that time will count because you were admitted. What you're being asked is this. What the judge is in effect is saying is, look, the jury can say, you can say, I got there at 9 o'clock. The employer can say, I didn't get there and he didn't get there until 10 o'clock. Okay. The jury can resolve that question. A jury can be given an interrogatory. But what they're saying is that you want them to resolve a legal definition. And there is no legal definition. Now, if you went, if I went to a hotel at 10 at night and I was in a city and I intended to go home, but I didn't. And I went to a hotel and said, do you have a room? It's dark. It's past sunset. They said they do. And I took a room and said, I want to leave a wake-up call for 630. And they called me at 630. I had breakfast, paid the bill and left. In my opinion, that would be an overnight stay. But it's less hours. You have to look at the context, too. I think most people would, if most people would agree, I stayed overnight. But yet, I don't know if it's different in the hospitals. Yeah. That's actually a good point. Thank you. We'll get you back on everybody. Thank you, Your Honors. Ms. McLaughlin. I'd actually like to follow up on this. What I think is a point that was being made by Judge Greenberg. Yes, it depends who you ask what an overnight stay is. If you go down the street there in Broder Market and take a survey, what's overnight? Well, you know, I just get there when I get there and I wake up in the morning. That's overnight. But the judge in this case said overnight is you got to get there before sunset and you have to stay there until sunrise. Nobody would answer that way. Well, I think that's precisely why the court needs to decide what exactly is an overnight stay so that a jury can apply the facts to a standard. What's your standard? What is your definition of an overnight stay? Sure. I think there are two possible definitions. The first is the definition that we advanced. It's a stay that begins on one calendar day for purposes of admission as an inpatient to a hospital and extends to a second calendar day. Well, that can't be because you'd be admitted one minute before 12 and discharged a minute after 12 and you have an overnight stay. That could be. That doesn't make any sense. Now, I think that is the more liberal approach. And if we're looking at the remedial purposes of the FMLA, that's actually I think the approach that is easier to comply with for an individual being admitted to the hospital. Well, what would you say about my guess? I can tell you some hospitals do insist that you go through the emergency room before you're admitted. You're not admitted. You're in the emergency room at 930. You know how it can be in an emergency room. You can wait forever, it seems. And then ultimately, they admit you, but it's one in the morning. Good afternoon, overnight stay. If you stay, it took two in the afternoon. I mean, then you're in the hospital. If the hospital has a policy that they just look at you and put you in a room, should it be a different result? It's a very amorphous term. It is. And I believe the- Well, what's your second definition of- the second one is what? The second one is the position adopted by the district court in this case, and that is from sundown on day one until sunup on day two. That also can't fly because depending- if you're in Fairbanks or Alaska, you have- an overnight stay could be three hours, and if you're in Louisiana in July, it means you have to be there for 16 hours. So that doesn't make any sense either. Also, if you're- depends on whether it's winter or summer if you're in Fairbanks. If it's winter, it's a very short period where there's light. If it's summer, it goes on and on. Three hours overnight, Fairbanks. It is. So what do you- if we reject those two possibilities that you've mentioned as not reasonable, what do you suggest should be the rule as to what is the definition for a jury to determine whether or not a patient had an overnight stay? I think the definition has to be that the individual be admitted as an inpatient in calendar day one and discharged at the earliest the next day. Well, that could be two minutes. That could be three minutes. And if I could- I could address that argument. You know, there are other statutes that have what may be an unfair result. For example, the minimum wage. Minimum wage is set at $7.25, and that applies to employees all over the country regardless of location. $7.25 goes a lot further in rural Pennsylvania than it does in New York City or Philadelphia. That doesn't mean that we shouldn't have a specific definition of an overnight, whether it has the result of having a three-hour time period in Alaska. I think the guidance, to your point, Judge Greenberg, I think the guidance that the Department of Labor has provided when it comes to the emergency room aspect is that it has to be inpatient care. And in other contexts, Medicare specifically, inpatient care can only be received by an inpatient. So you have to be admitted as an inpatient? Yes, sir. Under your formula? Yes, sir. So Vontkowski was not admitted? He was not admitted as an inpatient until after midnight. Oh, but he was admitted. He was after midnight. Now, first you have to be admitted, and then you have to stay in the hospital long enough. An overnight stay. So that it would be an overnight stay. Yes, sir. Well, if I understand your argument correctly, because I understand it, your position is you don't have a position what the exact definition of an overnight stay is. But whatever that definition is, the plaintiff appellant, in this case, doesn't qualify for any definition. Is that your position? I think the best position is the calendar day approach. That said, under either approach, calendar day or from dusk until dawn, the appellant areas are not. Calendar day can then mean about half an hour, though. It could. But as Justice Greenberg. We're thinking of the equities of the situation. It just doesn't seem equitable that that person would qualify for having a serious health condition, but somebody who was in the hospital for 13 hours under the dusk until dawn formula would not be. Unfortunately, I think Congress answered that question. I'm sorry, the Department of Labor answered that question for us when they required an overnight stay as opposed to an hour requirement. By interpreting the definition of inpatient care and the portion of it that requires an overnight stay to require an hour's requirement. The focus is on a serious health condition, right? Exactly. And I would imagine that's to prevent frivolous cases and fraudulent assertions so that one can get under the family medical leave. Certainly. Do you certainly agree with that? Absolutely. I do have a case here. Victoria, are you familiar with it? I am. Judge Roth, in our court, and this is a presidential opinion, how about a material fact question as to whether an employee's ulcer with a serious health condition precluded summary judgment? Now, I know that dealt with the precise injury, but it did allow the jury to consider that issue. It did. And I want to. But Ms. Boskowitz's point is that maybe this should be a jury question. The difference between these two cases is, in that case, the jury was charged with determining whether or not Ms. Victorelli's condition was either a minor ulcer excluded from coverage or was a serious health condition included from coverage. They were charged with weighing the facts as to whether or not it met the threshold that was already defined. She had the continuing treatment. The exception is that the FMLA excludes minor illnesses. Does it matter that the focus in that case was serious health condition as it is in this case? Serious health condition in both cases. It is. I think it does not matter for purposes of resolving this case because the serious health condition can be resolved in two ways. You can have inpatient care and you can also have continuing treatment. So Congress, the Department of Labor, the Department of Labor specifically allows for a condition in which there may not be inpatient care but only requires continuing treatment. Unfortunately, in this case, the appellant doesn't meet either definition. Well, this act is supposed to be liberally construed. Do you agree with that? I do. And there's nothing in the act itself that says that inpatient care excludes the time you're in the emergency room waiting to be admitted. There is nothing in the act that defines serious health condition to exclude that. That is correct. All right. So that if that's included and we have no regulations from the department that we can give deference to, Chevron deference says that's what the department says, then even under your definition, the plaintiff would have an overnight stay. I disagree. And the reason I disagree is I think we do have a regulation. The regulation specifically requires inpatient care. And to be an inpatient and to receive inpatient care, you have to be admitted to the hospital as an inpatient, which would exclude time spent walking into the hospital, sitting in the waiting room for emergency room services. This is Butler, Pennsylvania. If I have a very serious injury, let's say I'm in a car accident, a very serious injury, and I am picked up by an ambulance, and now this is about 4.30 in the afternoon. Now I've got to get to a hospital. I can't get to a hospital. There's a traffic mess all over the place. Back up. I finally get to the hospital 45 minutes later. Now it's 5.15. That's after sundown. Now I could stay in the hospital another 16 hours, but that would not be a serious medical condition under the district judge's formula here because I got to the hospital after sundown. That's tough luck. Under the inpatient care provision, that would be correct. However, assuming you have a serious health condition that requires medical treatment in which you are flighted, it seems to me that you will likely qualify under the continuing treatment definition. Well, but I wouldn't qualify under the district judge's formula here, would I? No, not for purposes of determining whether or not there was an overnight stay. Okay. Well, you know, the question, I'm not trying to be funny, but one justice on the Supreme Court said he couldn't define pornography, but he knew it when he saw it. And I just wonder what, in other words, he was proposing a sort of an amorphous definition. I wonder maybe the plan is right. Maybe you can't really define it. But I mean. You reject the Pharma's almanac analysis. I don't reject it. I don't think it's the best approach. I think the calendar day approach is. The best approach is your approach. Respectfully, yes. I think the best approach to comply with the remedial intention of the FMLA would be the calendar day approach. What about Judge Greenberg's point that maybe it's really a tough thing to get at and maybe it may not be a bad idea to consider the appellant's view? I do think it is a tough thing to get at. But I don't think it would be fair to punt that responsibility to the jury. But I think it seems like there's just so many factors to take into account. The ability of the plaintiff to get to the hospital. The intake process, whether that's delayed, whether it's a fast track. Whether a doctor's available in the hospital to say this patient needs a bed. Whether somebody's there to say, well, now we've got to discharge you or we've got to keep you over for three days observation. There's so many things that go into what an overnight stay is. Also, some emergency rooms. Try as the people. You might be waiting there longer before you're seen. You know, the nurse makes the initial determination. You have three levels. I mean, there's all kinds of... I think you'd agree in my hotel case, if you went into a hotel at 10 o'clock, said, do you have a room? The guy said, yeah. Give him the credit card. You sign. You go up. You leave at 6 30 or 7 in the morning. You got your call. Most people would say you stayed overnight. I would agree with that. And I would say they will certainly charge you for that. But also, I don't think you can possibly make it the way the district court defined it, that you have to get there before the sun goes down. Because the difference is you can have the identical thing and depending upon where you were on the world, you get a different result. And also, the result is terrible. I mean, to say if the sun goes down, as I think it is now about 6 o'clock here, you went into a hospital seriously injured at 7, but you didn't have to stay more than one day. You didn't stay overnight. I mean, that would be an awful result. Judge Greenberg, I think that's precisely why the calendar day approach, while it may be absurd and produce some absurd results in some circumstances, it is the most liberal when it comes to providing for an overnight stay. Well, if we reject your calendar day, because you can check in at the hospital at 1159 and check out at 1201, you got an overnight stay. I don't think that's going to, that doesn't make much sense to me. If we reject that, you have to give us some standard here. Now, Chief Justice Marshall said it's the job of the judiciary to say what the law is. And we want you to tell us what you think we should espouse as to what the law is when you're determining whether or not a patient has had an overnight stay. You tell us how, what should we write down your position should be? If you reject the calendar day approach, I would argue that my position is using the district court's analysis that an overnight stay occurs when an individual is admitted for inpatient care prior to dusk on day one and admitted after dawn the following day. That could be two minutes. Theoretically, it could be five minutes or ten minutes. No, you said prior to dusk. Dusk. Prior to. If the calendar day approach is rejected, I would argue that the district court's decision of the dusk until dawn approach. That's the farmer's almanac approach. Okay. And that depends, but as Judge Greenberg, that depends on where you are, what latitude you are in the United States. It does. Well, that doesn't make, people simply situated could be treated differently. That doesn't make any sense. And that goes back to my minimum wage example. I don't know that that necessarily makes it an unfair or absurd result. Well, the person that doesn't get paid is going to say it was unfair. You'd agree with that. Certainly. Yeah. If those time factors are rejected, as you suggest, from midnight, et cetera, or dusk to dawn, what factors do you think would be important in a judicial officer determining whether there was an overnight stay in this case or in any case? If we were going to rely on factors, I think the factors would be certainly the finding of a subsequent health condition. So, you know, you can go in for diagnostics. Well, how about the admission to the hospital for, or assignment of a bed in the hospital for diagnostic testing or treatment? I would say diagnostic testing or treatment alone is not sufficient. I would say you would have to be admitted for inpatient care. Formal admission. Formal admission. Okay. Thank you. Your time is up. Thank you very much. Ms. Waskowitz. Thank you, Your Honors. Back to Judge Greenberg's point about the hotel, I do think you have to look at the context. And here are the factors that I think would help shape the issue. How the hospital designates the patient. Whether the patient is designated as inpatient. The arrival time to the hospital. The time the employee leaves the hospital. The duration of time spent at the hospital. Per the district court's definition, the duration of time from 5.02 p.m. to 7.07 a.m. would have been 12 hours and 5 minutes. Again, taking the light most unfavorable to Mr. Bonkowski, he was at the hospital for more than 14 hours. So what is your view of the trial judge's decision here that it was an arbitrary decision to adopt or to use the farmer's calendar and that a number of other factors should have been used in determining whether there was an overnight stay? I think the district court's opinion respectfully led to odd, mischievous results. Again, that respectfully are inconsistent with common sense. For example, in Alaska, Fairbanks, in July I believe the sun sets at 11 p.m. and rises at 2 a.m. And the farmer's almanac definition... But they're not making a rule for Fairbanks, Alaska. It does lead to odd results. Maybe that's a Ninth Circuit problem. Yes, Your Honor. An Earth Circuit problem. Your Honor, we're not in Alaska. What are we going to do with the judge's decision, though? I mean, she apparently did the best she could and she asked for help and she made a decision based on the help she got. I would respectfully believe that the district court's decision should be vacated and because there are substantial record evidence that Mr. Bonkowski did spend the night, the undisputed evidence demonstrates that he arrived at the hospital before midnight. The undisputed record evidence demonstrates that he was admitted to the hospital. The undisputed record evidence demonstrates that his employer viewed his stay as overnight. The undisputed record evidence demonstrates that he was there for more than 12 hours. Yeah, but anyway you cut it, if we decide that while you're in the emergency room it doesn't count, anyway you cut it, he was admitted and discharged on the same calendar day, correct? Correct. Well, this is not a hotel like Judge Greenberg's example. This is a hospital. Do they consider that an overnight stay? When you're admitted one day and the same day you're discharged. One definition of inpatient care is occupying a bed and lodging in a hospital. My time is out, may I make? Go ahead. The way you set the matter forth, you're entitled to summary judgment if we followed your, because you kept saying correctly that these facts were not disputed, that they added up to an overnight stay. So, you're saying that the facts are not disputed, so it's just the legal implications and the court decides that. Yes, Your Honor. Then you should get summary judgment. Yes, Your Honor. Ms. Roshkowitz, thank you very much. Very interesting and somewhat difficult case. Thank you both for your arguments. We'll take it under advisement. Thank you very much.